UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| JOHN W. PEROTTI, | Case No. 1:17-cv-876-JG |
| Petitioner, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc No. 11] |
| ED SHELTON, WARDEN, MANSFIELD CORRECTIONAL INSTITUTION | |
| Respondent. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

John Perotti, a state prisoner, filed a motion for discovery to obtain information that he claims would support his petition for habeas corpus under 28 U.S.C. § 2254.[1] The Magistrate Judge, to whom that motion was referred, recommended that the motion be denied.[2] Perotti objects to the Magistrate Judge's order.[3]

For the reasons that follow, the Court **OVERRULES** Perotti's objections and **AFFIRMS** the Magistrate Judge's order.

## I. BACKGROUND

**A. Underlying State Court Convictions**

In 1976, Ohio convicted Perotti of possession of criminal tools, grand theft, a drug violation, and carrying a concealed weapon.[4] He received concurrent sentences of one to ten years in prison on the concealed weapons charge, and six months to five years in prison on each of the other charges.[5] He was released on parole in June 1977.[6]

---

[1] Doc. 5.
[2] Doc. 10.
[3] Doc. 11.
[4] Doc. 1-5 at 40–41.
[5] *Id.*
[6] Doc. 8 at 3; Doc. 8-1 at 3.

In June 1979, Perotti pleaded guilty in Lake County, Ohio, to two counts of vandalism and one count of possessing a weapon while under a disability.[7] For this conviction, the Lake County judge sentenced Perotti to between two and five years in prison on each count, with those sentences to run concurrently to each other and consecutively to his sentence for violating his parole on his 1976 Cuyahoga County convictions.[8]

Perotti was again released on parole in 1981.[9]

In 1982, Perotti pleaded guilty in Cuyahoga County, Ohio, to charges of aggravated robbery and receiving stolen property.[10] He received concurrent sentences of five to twenty-five years in prison and one to five years in prison on those charges.[11]

While incarcerated for his 1982 Cuyahoga County convictions, Perotti was convicted in Scioto County, Ohio, of aggravated assault in 1985 and felonious assault in 1989.[12] He received a sentence of two to five years in prison on the 1985 charge, and twelve to fifteen years on the 1989 charge.[13] He was again released on parole in April 2003.[14]

**B. Federal Conviction & State Parole Violation Proceedings**

In July 2003, Perotti was arrested after he drove a car while intoxicated with a firearm and ammunition in the vehicle.[15] While both state and federal charges were filed against Perotti because of that conduct, the state charges were ultimately dismissed.[16]

After his arrest for the federal charges, but before he was indicted on federal charges,

---

[7] *Id.* at 8–10.
[8] *Id.* at 10.
[9] *Id.* at 3. Apparently, he was also imprisoned for violating his parole in June 1977, but was paroled again in August 1978. *Id.*
[10] *Id.* at 11–12.
[11] *Id.*
[12] *Id.* at 13–14.
[13] *Id.* at 13–15.
[14] *Id.* at 3.
[15] *United States v. Perotti*, 226 F. App'x. 516, 517–18 (6th Cir. 2007).
[16] Doc. 1-5 at 12-13.

Case No. 1:17-CV-876
Gwin, J.

Perotti was in the custody of the Ohio Adult Parole Authority (OAPA).[17] OAPA attempted several times to conduct a parole violation hearing based on Perotti's new criminal conduct.[18] Unfortunately, the parole revocation hearing was rescheduled several times because of medical or other issues, so it was not held before Perotti was transferred to federal custody to face federal charges.[19] OAPA placed a detainer on Perotti so that he would be transferred back to state custody for a parole violation hearing at the conclusion of his time in federal custody.[20]

Perotti was convicted in federal court of being a felon in possession of ammunition.[21] He was sentenced to 240 months in prison, with that sentence ordered to run concurrently with any sentence imposed by the state for Perotti's violation of his parole.[22]

During his stay in federal prison, Perotti alleges that he tried several times to arrange to be transferred to state custody so that his parole violation hearing could be conducted.[23] But OAPA refused to conduct a revocation hearing before Perotti completed serving federal time.[24]

Perotti remained in federal custody until April 2016. At that point, this Court granted a motion under 28 U.S.C. § 2255 based on the Supreme Court's decision in *United States v. Johnson*[25] and reduced his sentence to time served.[26]

After he was released from federal custody, OAPA took custody of Perotti and held a May 2016 parole violation hearing.[27] At that hearing, Ohio concluded that Perotti had violated his parole and gave him a five-year continuance, at which point he will be revaluated for parole.[28]

---

[17] Doc. 1–1 at 2–3.
[18] *Id.* at 3; Doc. 8-1 at 17–26.
[19] Doc. 1–1 at 3.
[20] *See id.*
[21] *Perotti*, 226 F. App'x. at 518.
[22] Doc. 8-1 at 72.
[23] Doc. 1–1 at 3–4.
[24] *Id.*
[25] 135 S. Ct. 2551 (2015).
[26] Minutes of Proceedings, *United States v. Perotti*, No. 1:04-cr-00276, (N.D. Ohio Apr. 13, 2016), ECF No. 259.
[27] Doc. 8 at 4–5; Doc. 1-1 at 3–7.
[28] Doc. 8 at 4–5; Doc. 1-1 at 3–7.

Case No. 1:17-CV-876
Gwin, J.

According, to Perotti, he was originally given a three-year continuance, but it was increased to five years after he appealed.[29]

**C. Habeas Proceedings**

In April 2017, Perotti filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255.[30] He contends that the parole authorities:

(1) retaliated against him for exercising his constitutional rights;

(2) conspired with his counsel to rely on erroneous information at his revocation hearing;

(3) violated his due process rights by waiting twelve years to hold his revocation hearing;

(4) relied upon a statute that is unconstitutionally vague to continue him in prison after he served his prior sentences;

(5) violated the ex post facto and double jeopardy clauses of the U.S. Constitution;

(6) failed to obey a federal judge's order to run his parole violation sentence concurrent to his federal sentence;

(7) failed to count the time served under his federal sentence towards the sentence imposed for the violation of his parole;

(8) failed to keep accurate records in violation of Title 5, § 552 of the Privacy Act;

(9) failed to hold a parole violation hearing within a reasonable time in violation of state and federal law;

(10) deprived him of access to the law library and his counsel of choice;

(11) deprived him of his rights to a fair hearing and access to the courts;

(12) subjected him to cruel and unusual punishment; and

(13) violated state law by continuing his sentence because he does not meet the criteria in

---

[29] Doc. 1-1 at 6-7.
[30] Doc. 1.

Case No. 1:17-CV-876
Gwin, J.

O.A.C. § 5120:1-1-18.[31]

In support of that petition, Perotti filed a motion asking for discovery.[32] He asked the Magistrate Judge assigned to address his motion to order the State to respond to a series of requests for admissions and to produce certain documents.[33]

The requests for admissions asked the State to admit to a number of factual statements or legal conclusions related to Perotti's claims.[34]

The request for the production of documents asked the State to produce a broad swath of documents related to Perotti's prior convictions, the revocation of his parole, the names of parole officers, state parole procedures, personnel files of OAPA employees, other lawsuits against OAPA, statistics and studies of the effects of OAPA policies, and internal OAPA communications.[35] For example, Perotti requested a list of the names of "all parole officers employed in the Cleveland . . . area from 1975 to the present" and "[c]opies of all court proceedings, judgment entries and rulings declaring [that] the OAPA enforced ex post facto policies against parolees[ ]or required a rehearing of a parole hearing due to statutory or constitutional violations from 1976 to the present."[36]

The Magistrate Judge denied his motion.[37] Perotti objects.[38]

## II. LEGAL STANDARD

"Habeas petitioners have no right to automatic discovery."[39] Instead, under Rule 6 of the

---

[31] Doc. 1 at 5–12; Doc. 1-1 at 7–9.
[32] Doc. 5.
[33] *See generally id.*
[34] Doc. 5-1.
[35] Doc. 5-2.
[36] *Id.* at 3.
[37] Doc. 10.
[38] Doc. 11. The Magistrate Judge also denied Perotti's motion to stay proceedings during discovery because it concluded that he was not entitled to discovery. *Id.* at 6–7. To the extent Perotti challenges that decision, we **OVERRULE** his objections and **AFFIRM** the Magistrate Judge's denial of a stay pending because we also conclude that Perotti is not entitled to discovery.
[39] *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

Case No. 1:17-CV-876
Gwin, J.

Rules Governing 2254 cases, a district court may "authorize a party to conduct discovery under the Federal Rules of Civil Procedure" only "for good cause" shown.[40] A habeas petitioner must present "specific allegations . . . show[ing] that the petitioner may, if the facts are fully developed," be able to prove that he is entitled to relief.[41]

Moreover, Rule 72(a) of the Federal Rules of Civil Procedure permits the Court to refer evidentiary disputes to a Magistrate Judge. If a party disagrees with the Magistrate Judge's resolution of those disputes, he may object to the order within 14 days.[42] But the Court will only modify or set aside the Magistrate Judge's order if it is "clearly erroneous or contrary to law."[43]

### III. DISCUSSION

The Magistrate Judge's denial of Perotti's motion for discovery and request for admissions was neither clearly erroneous nor contrary to law.

**A. Challenge to Perotti's Underlying State Convictions and Sentences**

Initially, to the extent Perotti's § 2254 petition is directed at his original state convictions and sentences, it is time barred. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) requires that, with a few exceptions not relevant here, prisoners file their habeas petitions within one year of the date their sentence became final.[44] "For a prisoner whose judgment became final before AEDPA was enacted, that one-year statute of limitations runs from AEDPA's effective date: April 24, 1996."[45]

Perotti's underlying convictions date from the 1970s and 1980s.[46] So he had until April

---

[40] Rule 6(a), Rules Governing 2255 Cases in the United States District Courts (2010).
[41] *See Williams*, 380 F.3d at 974 (quoting *Bracy v. Gramley*, 520 U.S. 899, 908 (1997)).
[42] *Id.*
[43] *Id.*
[44] 28 U.S.C. § 2244(d)(1)(A).
[45] *Wood v. Milyard*, 566 U.S. 463, 468 (2012).
[46] Doc. 8 at 2–3; Doc. 1-1 at 2.

-6-

1997 to file a petition challenging those claims.[47] But he did not file his § 2254 petition until April 2017— approximately 20 years too late.

As a result, any challenge to his underlying state convictions or sentences would be time-barred, absent a showing that the limitations period was tolled. Perotti has made no effort to make such a showing, nor has he argued that the discovery he requested would allow him to do so.

It follows that he has not demonstrated any likelihood that—if the facts were fully developed—he would succeed on a challenge to his original convictions or sentences. He is, therefore, not entitled to any discovery as far as those claims are concerned.

**B. Challenge to the Revocation of Parole**

Perotti's challenge to the State's decision to revoke his Ohio parole was timely filed. His parole was revoked in May 2016 and his § 2254 petition was filed in April 2017, less than one year later.[48] But that challenge is unexhausted.

Before a state prisoner can challenge his conviction through a § 2254 petition, he must exhaust all of the remedies available in the courts of the State in which he was convicted.[49] That means he must properly avail himself of any state post-conviction remedies before seeking federal relief.[50]

Perotti attempted to challenge the revocation of his parole through a state habeas petition in May or June 2016.[51] But the Ohio Ninth District Court of Appeals dismissed that petition because he failed to comply with the requirements of O.R.C. § 2969.25.[52] Specifically, the Court

---

[47] *See Wood*, 566 U.S. at 468.
[48] Doc. 1; Doc. 1-1 at 3–5; Doc. 8 at 4–5; Doc. 8-1 at 40–42.
[49] 28 U.S.C. § 2254(b)(1)(A).
[50] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (explaining that a petitioner must not only exhaust his state remedies, but also "*properly* exhaust those remedies" in order to pursue federal habeas relief); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) ("A habeas petitioner has not exhausted his claims in state court unless he has 'properly presented' his claims to a state court of last resort.").
[51] Doc. 8-1 at 43.
[52] *Id.* at 106–07.

Case No. 1:17-CV-876
Gwin, J.

of Appeals concluded that Perotti had failed to file a motion to waive costs, an affidavit setting forth the balances in his inmate account, and an affidavit describing all of the civil actions he had filed in the previous five years.[53] Because the requirements of § 2965.25 are mandatory, a petition that fails to satisfy them must be dismissed.[54] Perotti appealed the Court of Appeals' decision to the Supreme Court of Ohio.[55] The Supreme Court affirmed the dismissal based on Perotti's failure to file an affidavit describing the civil actions he had filed over the previous five years.[56]

Because the Ohio courts have concluded that Perotti failed to properly file his state habeas petition challenging the revocation of his parole, his claims challenging his detention as a result of that revocation are unexhausted.[57] And, because a petitioner cannot obtain federal habeas relief on unexhausted claims regardless of the merits of those claims,[58] Perotti has failed to demonstrate how discovery as to the merits of his claims would allow him to show that he is entitled to relief.

Perotti must go back to the Ohio state courts and properly challenge the revocation of his supervised release there. If it is now too late for him to do so, then he has procedurally defaulted his claims, cannot succeed on the merits of his federal petition for that reason, and is not entitled to discovery.[59]

After all, a federal court will not review a claim in habeas that was rejected by the state court on an adequate state law ground that was independent of the petitioner's' federal law claims.[60] Limits on the amount of time a state prisoner has to file state habeas petition provide one

---

[53] Doc. 8-1 at 107.
[54] *State ex rel. Graham v. Findlay Mun. Ct.*, 831 N.E.2d 435, 436 (Ohio 2005).
[55] *State ex rel. Perotti v. Clipper*, No. 2017-Ohio-8134, slip op. 1 (Ohio Oct. 12, 2017).
[56] *Id.* at 2.
[57] *See O'Sullivan*, 526 U.S. at 848; *Maples*, 340 F.3d at 437.
[58] 28 U.S.C. § 2254(b)(1)(A).
[59] *See Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). It is true that Perotti could escape the procedural bar by showing cause for his non-compliance with state procedure and prejudice from the violations alleged in his petition. *Id.* But Perotti has made no such showing and does not suggest that the discovery he requests would allow him to make one.
[60] Walker v. Martin, 562 U.S.307, 316 (2011).

Case No. 1:17-CV-876
Gwin, J.

such adequate and independent ground for denying federal habeas relief.[61]

Moreover, "Rule 6 does not sanction fishing expeditions."[62] As the Magistrate Judge noted in his order, a number of Perotti's requests do give his request for production the appearance of a fishing expedition.[63] For instance, it is not clear how "[c]opies of all court proceedings, judgment entries and rulings declaring [that] the OAPA enforced ex post facto policies against parolees[ ]or required a rehearing of a parole hearing due to statutory or constitutional violations from 1976 to the present" would tend to establish that he is entitled to relief.[64]

### IV. CONCLUSION

For all those reasons, the Court **OVERRULES** Perotti's objections and **AFFIRMS** the Magistrate Judge's order.

IT IS SO ORDERED.

Dated: October 30, 2017  *s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[61] *See id.* at 316–21.
[62] *See Williams,* 380 F.3d at 976 (quoting *Rector v. Johnson,* 120 F.3d 551, 562 (5th Cir. 1997)) (quotation marks omitted).
[63] Doc. 10 at 6.
[64] Doc. 5-2 at 3.